### JENNINGS et al. v. ROGERS SILVER-PLATE CO.

(Circuit Court, D. Connecticut. January 11, 1901.)

PATENTS—DAMAGES FOR INFRINGEMENT—LOSS OF PROFITS.

On an accounting in a suit for infringement, where it is shown that defendant placed the infringing article on the market at a much lower price than the patented article was sold by complainants, it cannot be assumed as a basis for computing complainants' loss of profits that they would, but for the infringement, have sold the same number of the articles as were sold by defendant at the higher price.

In Equity. Suit for infringement of patent.
On exceptions to master's report, see 96 Fed. 340.

J. C. Chamberlain, for complainants.
J. G. Calhoun, for defendant.

TOWNSEND, District Judge. Respondent has filed exceptions to master's report on accounting by infringer. The first exception is directed to an apparent mistake in computation on the face of the report, which it is claimed affects the whole report. The second and third exceptions allege a failure to allow the amount actually expended for factory and selling expenses. On this point the master, inter alia, says:

"The defendant's claim of manufacturing expenses in this statement is altogether too extravagant to be believed, being from 25 to 41 per cent., and the complainants' claim of 20 per cent. to be allowed for shop expenses erred in the other way, but not so outrageously. In the very many accountings which I have conducted I have never allowed more than 25 per cent., and it has seldom been claimed."

He allowed the 25 per cent. It is not entirely clear whether the master found that the 25 per cent. covered selling as well as manufacturing expenses. If not, such selling expenses should also be allowed.

As to the fourth and fifth exceptions, the new design is not within the issues referred to the master.

The sixth and seventh exceptions are as follows:

"(6) Because the master errs in finding that the only proper and adequate remuneration to the complainants 'is the profits complainants would have made on the sale of these same mirrors, which they would have made and sold if defendants had not wantonly destroyed the business they had already built up.'

"(7) Because the master errs in finding that the complainants would have made the sum of $1,174.44 profits on the sale of frames but for the infringement of the complainants' patent by the defendant."

The report of the master herein states the various theories on which the evidence was presented, and makes alternative findings thereon. The defendant placed the infringing frames on the market at such a low price as to drive complainants' frame out of the market, and to leave itself a very small margin of profit. In these circumstances it is not clear that the complainants would have sold their higher-priced frames to the persons who bought the cheaper ones from defendant. In fact, one of the complainants stated at the hearing before the master that he did not think they sold to the same customers as those to whom the defendant sold these goods. Therefore the court would not be justified in assuming that the complainants would have sold the same amount of goods to defendant's customers. It does not appear what complainants' sales were prior to the infringement.

The report is referred back to the master to enable him to correct any errors of computation or transcription which he may find therein, and with leave to complainants to introduce further evidence as to damages, if they desire so to do.